**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Tareq Zakarneh,

Plaintiff,

v.

Markwayne Mullin, et al.,

Defendants.

No. CV-26-02035-PHX-KML (JZB)

**ORDER**

In March 2026, plaintiff Tareq Zakarneh filed a document titled "Violation of Prisoner Constitutional Right of Attorney Visit 5.5 Code and Other Constitutional Rights." (Doc. 1.) The Clerk of Court construed that document as a civil rights complaint and opened this case.

When he filed his complaint, Zakarneh was detained at the Eloy Detention Center. The complaint names as defendants "DHS Secretary Markwayne Mullin, Attorney General Pamela Bondi, ICE Director, ICE Field Director, [and] the Warden of Eloy Detention Center Rokosky." (Doc. 1 at 1.) Zakarneh alleges he "is originally a green card holder" who has ongoing "litigation at the Ninth Circuit." (Doc. 1 at 3.) While in custody, Zakarneh had an attorney visit scheduled but guards (including "Sergeant Smith") would not allow him to attend that visit. (Doc. 1 at 3.) Zakarneh has tuberculosis and officials refuse to allow him to see "an individual and independent medical provider." (Doc. 1 at 3.)

The complaint seeks an order "forc[ing] the defendant to follow rules and prisoner rights, and compensate [Zakarneh] for the damage that has been occurring." (Doc. 1 at 2.)

It also requests immediate release "while the facility is overcrowded." (Doc. 1 at 2.)

At the same time he filed his complaint, Zakarneh also filed a "Motion to Waive Filing Fees," arguing he had been granted waivers in other cases. (Doc. 2 at 1.) The court denied Zakarneh's request to waive the filing fees and instructed him to either pay the filing fee or file an application to proceed in forma pauperis. (Doc. 5.) Zakarneh filed an application which establishes he cannot afford the filing fee. (Doc. 7.) The application is granted but the complaint is dismissed with leave to amend because it fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Based on the limited information in the complaint, it is not clear what type of claims Zakarneh is attempting to bring or against whom. Based on his allegations regarding past events such as the attorney visit, he may be attempting to bring claims for monetary damages. If so, "vicarious liability is inapplicable" so he would need to "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Zakarneh does not identify any actions taken by the named defendants involving his attorney visit. The only allegation involving an identified individual is that "Sergeant Smith" did not allow him to attend the visit, but Sergeant Smith is not a named defendant.[1] Thus, Zakarneh has not stated any plausible claim for monetary damages.

Alternatively, Zakarneh may be attempting to bring a claim for injunctive relief related to the conditions of confinement. To allege such a claim, Zakarneh would need allegations showing "(i) [the government] made an intentional decision with respect to the conditions under which [he is] confined; (ii) those conditions put [him] at substantial risk of suffering serious harm; (iii) the [government] did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have

---

[1] Because defendants are federal officials, Zakarneh may be attempting to pursue a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). That type of claim is available in very limited circumstances, and it is unlikely Zakarneh's current allegations would allow him to pursue such a claim. *Schwartz v. Miller*, 153 F.4th 918, 926 (9th Cir. 2025) (*Bivens* usually not available in new contexts). But there is no need to reach this issue because Zakarneh has not named any defendant against whom he might assert a *Bivens* claim.

appreciated the high degree of risk involved . . . ; and (iv) by not taking such measures, the [government] caused [his] injuries." *Hernandez Roman v. Wolf*, 829 F. App'x 165, 172 (9th Cir. 2020) (simplified). Zakarneh does not clearly allege any of these elements. He does not identify the conditions he believes place him at risk of serious harm, that officials have failed to abate that risk, or that he was injured as a result. Zakarneh's conditions-of-confinement claim seeking injunctive relief is dismissed.

Zakarneh is granted leave to amend but, if he chooses to do so, he must identify an appropriate defendant for his claim for money damages. That defendant must be an individual who committed the act that allegedly violated Zakarneh's rights. Any amended complaint seeking monetary damages must also indicate which existing *Bivens* context Zakarneh believes applies to his situation. *See Schwartz*, 153 F.4th at 926. Alternatively, if Zakarneh wishes to pursue injunctive relief regarding his conditions of confinement, he must identify those conditions and allege sufficient facts showing a reasonable official would not allow them to continue. Zakarneh should keep in mind that he has a pending petition for writ of habeas corpus and, based on the present record, release would not be available as a remedy in this suit.

In addition to his complaint, Zakarneh filed two motions.[2] The first seeks to convert this case into a class action. It is unclear whether Zakarneh is now represented by counsel in this case but he certainly was not when he filed the motion. Assuming Zakarneh is proceeding pro se, he cannot represent other prisoners and he cannot pursue a class action. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). If he is represented by counsel and that counsel wishes to pursue a class action, the amended complaint must contain sufficient factual allegations establishing a plausible class action claim. The motion to convert the present case into a class action is denied.

The second motion seeks a copy of the complaint. (Doc. 8.) Zakarneh's habeas

[2] Counsel in Zakarneh's pending habeas case, No. 26-cv-6361-PHX-KML, also later filed an emergency motion for a temporary restraining order. (Doc. 10.) It appears counsel docketed that motion incorrectly in this case before correctly filing it in the habeas case. *See Zakarneh v. Unknown Party*, No. 26-cv-06361-PHX-KML-JZB, Doc. 10 (filed Sept. 23, 2026). The motion will be resolved in Zakarneh's habeas case and is denied in this case.

counsel has access to the docket in this case (*see* Doc. 10) and his inadvertent filing of the emergency motion for temporary restraining order here removed Zakarneh's mailing address from the docket such that the court cannot send it. Zakarneh's habeas counsel should provide Zakarneh a copy of the complaint. This motion is denied.

**IT IS ORDERED** the Application (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH LEAVE TO AMEND**. No later than **November 3, 2026**, plaintiff shall file an amended complaint. The Clerk of Court shall enter a judgment of dismissal with prejudice if no amended complaint is filed by that date.

**IT IS FURTHER ORDERED** the Motion to Amend (Doc. 6), Motion Requesting Copy (Doc. 8), and Motion for Temporary Restraining Order (Doc. 10) are **DENIED**.

**IT IS FURTHER ORDERED** Zakarneh's counsel in No. 26-cv-06361-PHX-KML-JZB, Hassan M. Ahmad, shall provide Zakarneh a copy of the complaint in this case (Doc. 1) and this order.

Dated this 20th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**